ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| TRUENORTH, CORP.<br><br>Recurrente<br><br><br>v.<br><br><br>DEPARTAMENTO DE SALUD<br><br>Recurrida | TA2026RA00086 | Revisión procedente del Departamento de Salud<br><br>Caso Número: DS-SUB-2025-12-17 018<br><br>Sobre: Notificación de Adjudicación de la Solicitud de Propuestas Selladas (RFP) Núm.: RFP-SP-2024-2025 017-WIC |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero

Ortiz Flores, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de abril de 2026.

Comparece Truenorth, Corp. (Truenorth o parte recurrente) mediante una *Revisión Judicial* para solicitarnos la revisión de la *Resolución* emitida y notificada el 11 de febrero de 2026, enmendada y notificada el 12 de febrero de 2026, por la División de Vistas Administrativas del Departamento de la Salud (Departamento de la Salud o parte recurrida).[1] Mediante la *Resolución* recurrida, el Departamento de la Salud declaró No Ha Lugar la *Reconsideración* presentada por Truenorth, el 17 de diciembre de 2025.

Por los fundamentos que expondremos a continuación, se confirma la *Resolución* recurrida.

**I**

Según surge del recurso de la parte recurrente, el 13 de noviembre de 2024, el Departamento de la Salud publicó la Solicitud de Propuestas Núm. RFP-SP-2024-2025-017-WIC, titulada *Contracting IT Consulting Entity for the Maintenance and Operations of Technological Platforms and Software Development for the Puerto Rico Supplemental Nutrition Program*

---

[1] Apéndice I y II del recurso.

*for Women, Infant and Children (WIC) Purpose (RFP)*, mediante la cual el Programa WIC, adscrito al Departamento de Salud, solicitó propuestas para seleccionar una entidad consultora para mantener y operar las plataformas tecnológicas y desarrollos de *software* de dicho programa.[2]

Posteriormente, el 2 de abril de 2025, el Departamento de la Salud notificó a los proponentes los resultados de la adjudicación.[3] El Departamento de la Salud expresó que, el 1 de abril de 2025, el Comité de Evaluación y Recomendación (Comité) celebró una reunión para la evaluación y recomendación del proceso adjudicativo, conforme a la Orden Administrativa Núm. 581. Expresó que GM Sectec; INVID; Enalca; IT Resources Innovations; y Truenorth sometieron propuestas. Aclaró que, en virtud de las recomendaciones del Comité, quedaba convencido de que la propuesta de GM Sectec cumplía con los objetivos especificados en los documentos de propuesta.

Inconforme con la referida determinación, el 23 de abril de 2025, Truenorth solicitó la reconsideración ante la División de Vistas Administrativas del Departamento de la Salud (División).[4] En esencia, alegó que la evaluación careció de los elementos mínimos requeridos por el Reglamento 9318, incluyendo la omisión de criterios de evaluación en la notificación; la ausencia de documentos esenciales en el expediente oficial; la aplicación errónea del criterio económico; y la falta de justificación objetiva en la adjudicación de puntuaciones. En particular, adujo que erró el Departamento de la Salud al no proveer los criterios que dieron base a su determinación y al no descalificar a GM Sectec, a pesar de que no incluyó con su propuesta los "Required Compliance Documents" del RFP. Además, señaló que erró el Comité al evaluar a los oferentes utilizando criterios distintos a los establecidos en el RFP. Por otro lado, indicó que incidió en su selección debido a que el oferente favorecido presentó una cantidad de horas significativamente menor que el resto de los proponentes

---

[2] SUMAC TA, a la Entrada Núm. 1.
[3] Apéndice VIII del recurso.
[4] Apéndice VII del recurso.

y lo utilizado efectivamente en los últimos años. Asimismo, sostuvo que erró el Comité al no proveer a los proponentes perjudicados los criterios que fundamentaron la adjudicación, en lo relativo a la evaluación de los renglones de puntuación del oferente favorecido. En consecuencia, solicitó que se reconsiderara la determinación, emitida el 2 de abril de 2025, y se declarara nulo el proceso de RFP.

El 21 de agosto de 2025, la División emitió y notificó una *Resolución* mediante la cual determinó que la notificación de la adjudicación, emitida el 2 de abril de 2025, no incluyó la justificación de la determinación del Departamento de la Salud.[5] Ante ello, dispuso que dicha notificación no fue adecuada y carecía de eficacia jurídica, por lo que el término para acudir en revisión administrativa no había comenzado a trascurrir. En consecuencia, declaró Ha Lugar la reconsideración presentada por Truenorth y determinó que la notificación de adjudicación correspondiente al RFP-SP-2024-2025-017-WIC era inoficiosa.

Así las cosas, el 8 de diciembre de 2025, el Departamento de la Salud emitió un *Aviso de Adjudicación Enmendado*.[6] Mediante este, incluyó lo relativo a la evaluación de los renglones de puntuación y mantuvo la adjudicación a favor de GM Sectec.

Inconforme, el 17 de diciembre de 2025, Truenorth instó una *Reconsideración*.[7] En esencia, levantó los mismos errores planteados en la reconsideración presentada el 23 de abril de 2025. Solicitó que se reconsiderara la determinación notificada el 8 de diciembre de 2025, así como que se declarara nulo el proceso de RFP y se ordenara detener cualquier proceso de transición que se haya iniciado para con el licitador agraciado.

En reacción, el Departamento de la Salud presentó su *Oposición a Reconsideración*.[8] En su escrito, alegó que no hubo elementos de arbitrariedad, irrazonabilidad o mala fe de su parte. Ante ello, sostuvo que

---

[5] Apéndice VI del recurso.
[6] Apéndice V del recurso.
[7] Apéndice IV del recurso.
[8] Apéndice III del recurso.

procedía la deferencia del criterio y pericia, aplicada al proceso evaluativo que precedió a la referida adjudicación. Asimismo, arguyó que debía prevalecer la valorización de los puntos asignados en el proceso de evaluación, toda vez que todo el proceso estuvo fundamentado en el expediente del caso. En consecuencia, solicitó que se declara No Ha Lugar la *Reconsideración* presentada por Truenorth y se mantuviera en pleno vigor la notificación de la adjudicación enmendada, emitida el 8 de diciembre de 2025.

El 11 de febrero de 2025, la División emitió y notificó una *Resolución*.[9] Mediante esta, determinó que el proceso seguido por el Departamento de la Salud en la adjudicación del RFP-SP-2024-2025-017-WIC cumplió con los requisitos establecidos en la Orden Administrativa Núm. 581 y la Ley Núm. 38-2017. Dispuso que la notificación enmendada incluyó los criterios de evaluación; las puntuaciones asignadas; los fundamentos de la decisión; y las advertencias sobre el derecho a revisión administrativa y judicial. Asimismo, expresó que el Comité aplicó los criterios del RFP y evaluó las propuestas conforme a la metodología prevista y actuó dentro de su discreción técnica. A tenor, declaró No Ha Lugar la *Reconsideración*, presentada por Truenorth el 17 de diciembre de 2025, y mantuvo en vigor la adjudicación a favor de GM Sectec.

Posteriormente, el 21 de febrero de 2026, la División emitió una *Resolución Enmendada* a los fines de subsanar un error en cuanto al término que tiene la parte adversamente afectada para acudir ante este foro.[10]

En desacuerdo, el 3 de marzo de 2026, Truenorth presentó este recurso de revisión judicial y formuló los siguientes cuatro (4) errores:

> Primer error: Respetuosamente sostenemos que erró el Comité al evaluar las propuestas utilizando el costo total proyectado en lugar del costo por hora establecido expresamente como criterio económico en el párrafo 7.3(1)(c) del RFP.

---

[9] Apéndice II del recurso.
[10] Apéndice I del recurso.

Segundo error: Respetuosamente sostenemos que erró el Departamento de Salud al permitir la evaluación y adjudicación a favor de GM Sectec pese a la omisión de un documento clasificado como "Required Compliance Document (Pass/Fail)" en el propio RFP.

Tercer error: Respetuosamente sostenemos que erró el Departamento de Salud al descalificar a Truenorth por una supuesta "alteración" de su propuesta cuando el RFP expresamente admite negociación y solicitud de aclaraciones, y cuando la tarifa por hora ofertada por Truenorth permaneció inalterada en $85.00.

Cuarto error: Respetuosamente sostenemos que erró el Departamento de Salud al emitir una determinación sin que el expediente administrativo contenga las hojas de evaluación individual debidamente fundamentadas, lo que impide revisión judicial adecuada bajo el estándar de evidencia sustancial.

El 3 de marzo de 2026, Truenorth presentó un *Escrito para solicitar autorización para presentar apéndice en formato digital físico ("pen drive")* en el cual solicitó presentar el *Apéndice XII- Expediente Digital del RFP Núm. RFP-SP-2024-2025-017 WIC* físicamente, grabado en un dispositivo portátil de almacenamiento de datos ("pen drive"). Posteriormente, el 16 de marzo de 2026, Truenorth presentó un *Segundo escrito para solicitar orden y/o resolución* en el cual reiteró su solicitud. Ante ello, el 16 de marzo de 2026, emitimos una *Resolución* mediante la cual le concedimos a Truenorth hasta el 20 de marzo de 2026 para presentar tres (3) copias del *Apéndice XII- Expediente Digital del RFP Núm. SP-2024-2025-017-WIC* en formato digital físico ("pen drive"). Así las cosas, el 1 de abril de 2026, Truenorth presentó fuera de término una *Moción en Cumplimiento de Orden*, mediante la cual hizo constar que ese mismo día estaría presentando ante este foro las tres (3) copias del apéndice antes mencionado en formato digital físico ("pen drive"). En vista de lo anterior, el mismo se tiene como no presentado.

Por otro lado, mediante *Resolución*, emitida el 4 de marzo de 2026, concedimos a la parte recurrida hasta el 6 de abril de 2026 para expresarse en torno al recurso. Segundo error: Respetuosamente sostenemos que erró el Departamento de Salud al permitir la evaluación y adjudicación a favor de GM Sectec pese a la omisión de un documento clasificado como "Required Compliance Document (Pass/Fail)" en el propio RFP.

Tercer error: Respetuosamente sostenemos que erró el Departamento de Salud al descalificar a Truenorth por una supuesta "alteración" de su propuesta cuando el RFP expresamente admite negociación y solicitud de aclaraciones, y cuando la tarifa por hora ofertada por Truenorth permaneció inalterada en $85.00.

Cuarto error: Respetuosamente sostenemos que erró el Departamento de Salud al emitir una determinación sin que el expediente administrativo contenga las hojas de evaluación individual debidamente fundamentadas, lo que impide revisión judicial adecuada bajo el estándar de evidencia sustancial.

El 3 de marzo de 2026, Truenorth presentó un *Escrito para solicitar autorización para presentar apéndice en formato digital físico ("pen drive")* en el cual solicitó presentar el *Apéndice XII- Expediente Digital del RFP Núm. RFP-SP-2024-2025-017 WIC* físicamente, grabado en un dispositivo portátil de almacenamiento de datos ("pen drive"). Posteriormente, el 16 de marzo de 2026, Truenorth presentó un *Segundo escrito para solicitar orden y/o resolución* en el cual reiteró su solicitud. Ante ello, el 16 de marzo de 2026, emitimos una *Resolución* mediante la cual le concedimos a Truenorth hasta el 20 de marzo de 2026 para presentar tres (3) copias del *Apéndice XII- Expediente Digital del RFP Núm. SP-2024-2025-017-WIC* en formato digital físico ("pen drive"). Así las cosas, el 1 de abril de 2026, Truenorth presentó fuera de término una *Moción en Cumplimiento de Orden*, mediante la cual hizo constar que ese mismo día estaría presentando ante este foro las tres (3) copias del apéndice antes mencionado en formato digital físico ("pen drive"). En vista de lo anterior, el mismo se tiene como no presentado.

Por otro lado, mediante *Resolución*, emitida el 4 de marzo de 2026, concedimos a la parte recurrida hasta el 6 de abril de 2026 para expresarse en torno al recurso.

Posteriormente, el 16 de marzo de 2026, compareció Truenorth mediante escrito en cumplimiento de orden para acreditar haber cumplido con lo ordenado mediante nuestra Resolución del 16 de marzo de 2026. Subsiguientemente, el 6 de abril de 2026, compareció la parte recurrida solicitando que el término para expresarse en torno al recurso comenzara

a decursar en fecha posterior una vez se le notificara el Apéndice XII.  En esa misma fecha, compareció Truenorth mediante *Moción informativa* con la finalidad de aclarar lo alegadamente acontecido con el antedicho Apéndice XII.

Luego, el 7 de abril de 2026, compareció la parte recurrida para solicitar que el término para exponer su posición comenzara a decursar el 7 de abril de 2026.

Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones,[1] este Tribunal tiene la facultad de prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho". En consideración a lo anterior, declaramos No Ha Lugar la solicitud y eximimos a la parte recurrida de presentar escrito en oposición al recurso. *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

## II

## A.

El Tribunal Supremo de Puerto Rico ha sostenido que el derecho a cuestionar la determinación de una agencia, mediante revisión judicial, es parte del debido proceso de ley protegido por la Constitución de Puerto Rico. *Asoc. Condómines v. Meadow Dev.*, 190 DPR 843, 847 (2014); *Picorelli López v. Depto. de Hacienda*, 179 DPR 720, 736 (2010). El Artículo 4.006 (c) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico otorga competencia apelativa al Tribunal de Apelaciones para revisar las decisiones, órdenes y resoluciones finales de las agencias

## II

## A.

El Tribunal Supremo de Puerto Rico ha sostenido que el derecho a cuestionar la determinación de una agencia, mediante revisión judicial, es parte del debido proceso de ley protegido por la Constitución de Puerto

---

[1] 4 LPRA Ap. XXII-B, R.7 (B)(5).

Rico. *Asoc. Condómines v. Meadow Dev.*, 190 DPR 843, 847 (2014); *Picorelli López v. Depto. de Hacienda*, 179 DPR 720, 736 (2010). El Artículo 4.006 (c) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico otorga competencia apelativa al Tribunal de Apelaciones para revisar las decisiones, órdenes y resoluciones finales de las agencias administrativas. *Asoc. Condómines v. Meadows Dev., supra*, a la pág. 847. La revisión judicial de las decisiones administrativas tiene como fin delimitar la discreción de los organismos administrativos, para asegurar que ejerzan sus funciones conforme a la ley y de forma razonable. *Empresas Ferrer v. ARPe,* 172 DPR 254, 264 (2007). Esta doctrina dispone que corresponde a los tribunales examinar si las decisiones de las agencias administrativas fueron tomadas dentro de los poderes delegados, y si son compatibles con la política pública que las origina. *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018).

A esos efectos, la revisión judicial comprende tres (3) aspectos: (i) la concesión del remedio apropiado; (ii) la revisión de las determinaciones de hecho conforme al criterio de evidencia sustancial, y (iii) la revisión completa y absoluta de las conclusiones de derecho. *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 217 (2012), que cita a *Asoc. Fcias. V. Caribe Specailty et al. II,* 179 DPR 923, 940 (2010); *Mun. de San Juan v. JCA*, 149 DPR 263, 279-280 (1999). Nuestro Alto Foro ha establecido que el derecho a una notificación adecuada concede a las partes la oportunidad de tomar conocimiento real de la acción tomada por la agencia. Además, otorga a las personas, cuyos derechos pudieran quedar afectados, la oportunidad para decidir si ejercen los remedios que la ley les reserva para impugnar la determinación. *Asoc. Vec. Altamesa Este v. Mun. de San Juan,* 140 DPR 24, 34 (1996).

Es norma sabida que los tribunales apelativos, al ejercer su función revisora, deben conceder una gran deferencia a las decisiones emitidas por las agencias, debido a la vasta experiencia y conocimiento especializado en los asuntos que les han sido encomendados. *Rolón Martínez v. Supte.*

*Policía, supra*, a la pág. 35. Igualmente, el Alto Foro ha enfatizado que los tribunales, aplicando el criterio de razonabilidad y deferencia, no deben alterar las determinaciones de las agencias. *Id.* En mérito de lo anterior, los tribunales deben ser cautelosos al intervenir con las conclusiones e interpretaciones de los organismos administrativos especializados. *García Reyes v. Cruz Auto Corp*., 173 DPR 870, 892 (2008). Ahora bien, lo anterior únicamente surtirá efecto si la decisión se basa en evidencia sustancial que obra en el expediente administrativo. *Otero v. Toyota*, 163 DPR 716, 727 (2005). En cuanto a la evidencia sustancial, se ha definido como "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Batista, Nobbe v. Jta. Directores, supra,* a la pág. 216; *Otero v. Toyota*, *supra*, a la pág. 728. Dicho análisis requiere que la evidencia sea considerada en su totalidad, esto es, tanto aquella que sostenga la decisión administrativa como la que menoscabe el peso que la agencia le haya conferido. *Assoc. Ins. Agencies, Inc. v. Com. Seg. PR*, 144 DPR 425, 437 (1997). Ello, implica que, de existir un conflicto razonable en la prueba, debe respetarse la apreciación de la agencia. *Hilton v. Junta de Salario Mínimo*, 74 DPR 670, 687 (1953). Además, la norma de prueba sustancial se sostiene en la premisa de que son las agencias las que producen y determinan los hechos en los procesos administrativos, y no los tribunales. Fernández Quiñones, *Derecho administrativo y Ley de Procedimiento Administrativo Uniforme*, 3ra ed., Colombia, Ed. Forum, 2013.

Debido a la presunción de regularidad y corrección de los procedimientos y las decisiones de las agencias administrativas, quien alegue ausencia de evidencia sustancial tendrá que presentar prueba suficiente para derrotar esta presunción, no pudiendo descansar en meras alegaciones. *OEG v. Martínez Giraud*, 210 DPR 79, 89 (2022); *Graciani Rodríguez v. Garage Isla Verde*, 202 DPR 117, 128 (2019); *González Segarra et al. v. CFSE*, 188 DPR 252, 277 (2013); *Pacheco v. Estancias*, 160 DPR 409, 431 (2003). Para ello, deberá demostrar que existe otra

prueba en el expediente que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración. *Gutiérrez Vázquez v. Hernández y otros*, 172 DPR 232, 244 (2007). Si la parte afectada no demuestra la existencia de otra prueba que sostenga que la actuación de la agencia no está basada en evidencia sustancial o que reduzca o menoscabe el valor de la evidencia impugnada, el Tribunal respetará las determinaciones de hecho, y no sustituirá el criterio de la agencia por el suyo. *Otero v. Toyota*, *supra*, a la pág. 728. En cambio, las conclusiones de derecho son revisables en todos sus aspectos. *García Reyes v. Cruz Auto Corp.*, *supra,* a la pág. 894. Lo anterior fue reiterado por nuestro Tribunal Supremo cuando expresó que "al enfrentarse a un recurso de revisión judicial proveniente de una agencia administrativa será el deber de los tribunales revisar las conclusiones de derecho en todos sus aspectos". *Vázquez v. Consejo de Titulares,* 2025 TSPR 56, 215 DPR ___ (2025).

Establecido lo anterior, es de ver que los foros apelativos deberán intervenir con las decisiones de las agencias administrativas cuando: (i) la decisión no esté basada en evidencia sustancial; (ii) la agencia haya errado en la aplicación de la ley; (iii) su actuación resulte ser arbitraria, irrazonable o ilegal, o (iv) la actuación administrativa lesiona derechos constitucionales fundamentales. *The Sembler Co. v. Mun. de Carolina,* 185 DPR 800, 822 (2012), que cita a *Empresas Ferrer v. ARPe*, *supra*, a la pág. 264. Entiéndase que, aunque los tribunales están llamados a conceder cierta deferencia a las decisiones administrativas, tal norma no es absoluta. Ello, puesto a que no puede imprimírsele un sello de corrección automático, bajo el pretexto de deferencia, a determinaciones o interpretaciones administrativas que son irrazonables, ilegales o contrarias a derecho. *Voilí Voilá Corp. et al. v. Mun. Guaynabo*, 213 DPR 743 (2024).

**III**

En el presente caso, la parte recurrente plantea en su primer señalamiento de error que el Comité erró al evaluar las propuestas utilizando el costo total proyectado en lugar del costo por hora establecido expresamente como criterio económico en el párrafo 7.3(1)(c) del RFP. Como segundo señalamiento de error, sostiene que erró el Departamento de la Salud al permitir la evaluación y adjudicación a favor de GM Sectec, pese a la omisión de un documento clasificado como "Required Compliance Document (Pass/Fail)" en el propio RFP. Por otra parte, en su tercer señalamiento de error aduce que incidió el Departamento de la Salud al descalificar a Truenorth por una supuesta alteración de su propuesta cuando el RFP expresamente admite negociación y solicitud de aclaraciones y cuando la tarifa por hora ofertada por Truenorth permaneció inalterada en $85.00.

Antes de pasar a discutir los primeros tres (3) errores esgrimidos por la parte recurrente, conviene mencionar que, en la tarea de revisar una decisión administrativa, se debe conceder una gran deferencia a las decisiones emitidas por las agencias, debido a la vasta experiencia y conocimiento especializado en los asuntos que les han sido encomendados. *Rolón Martínez v. Supte. Policía, supra*, a la pág. 35. Debido a la presunción de regularidad y corrección de los procedimientos y las decisiones de las agencias administrativas, quien alegue ausencia de evidencia sustancial tendrá que presentar prueba suficiente para derrotar esta presunción, no pudiendo descansar en meras alegaciones. *OEG v. Martínez Giraud*, *supra*; *Graciani Rodríguez v. Garage Isla Verde*, *supra*; *González Segarra et al. v. CFSE*, *supra*; *Pacheco v. Estancias*, *supra*. Para ello, deberá demostrar que existe otra prueba en el expediente que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración. *Gutiérrez Vázquez v. Hernández y otros*, *supra*. Si la parte afectada no demuestra la existencia de otra prueba que sostenga que la

actuación de la agencia no está basada en evidencia sustancial o que reduzca o menoscabe el valor de la evidencia impugnada, el Tribunal respetará las determinaciones de hecho, y no sustituirá el criterio de la agencia por el suyo. *Otero v. Toyota*, *supra*, a la pág. 728.

Luego de examinar detenidamente el expediente administrativo ante nuestra consideración, así como el recurso de revisión judicial, nos es forzoso concluir que la parte recurrente no logró establecer que obraba en el expediente otra evidencia que ameritaba resolver el caso de manera distinta. Esto, principalmente debido a que la parte recurrente se limitó a presentar la notificación de adjudicación del RFP-SP-2024-2025-017-WIC; las resoluciones emitidas por la División; y las respectivas reconsideraciones, presentadas por la parte recurrente, de dichas resoluciones. Es decir, no presentó, para la consideración de este Tribunal, el RFP completo ni las secciones específicas en las que se fundamentan sus primeros tres (3) señalamientos de error. Ante ello, este foro apelativo no cuenta con los elementos para corroborar las alegadas disposiciones del RFP ni para evaluar adecuadamente los planteamientos de la parte recurrente en lo relativo dichos señalamientos de error. Dicho lo anterior, no procede descartar la apreciación razonada y fundamentada que realizó la agencia recurrida. De manera que, nos es forzoso, en este caso, tomar como ciertas y correctas las determinaciones realizadas por el Departamento de la Salud.

Finalmente, como cuarto y último señalamiento de error, la parte recurrente alega que el Departamento de Salud erró al emitir una determinación sin que el expediente administrativo contenga las hojas de evaluación individual debidamente fundamentadas, lo que impide una revisión judicial adecuada bajo el estándar de evidencia sustancial. Según surge del expediente, la *Notificación de Adjudicación Enmendada* contiene los criterios evaluados, así como la puntuación obtenida por cada proponente, lo cual permite comprender los fundamentos para la selección del proponente agraciado y efectuar una revisión judicial adecuada. Ante

ello, entendemos que, lo anterior es suficiente para validar la determinación de la agencia recurrida, por lo que no le asiste razón al argumento de la parte recurrente.

Por todo lo antes expuesto, este Panel coincide en que los errores esgrimidos por el recurrente no se cometieron. En consecuencia, nos es forzoso confirmar el dictamen recurrido.

**IV**

Por los fundamentos que anteceden, se confirma la *Resolución* recurrida.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones